*United States v. James Edward Barber*
Case No. 3:19-cr-00093-TMB

By:        THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

The matter comes before the Court on the Government's "Motion for Reconsideration Regarding Motion In Limine (Dkt. 237) and Motion for Evidentiary Hearing" (the "Motion").[1] Defendant James Edward Barber opposes the Motion.[2] A Motion Hearing was held on September 1, 2020 ("September 1 Hearing").[3] For the reasons discussed below, the Motion is **DENIED**. In addition, the Court **FINDS** that the Government violated its discovery obligations under Federal Rule of Criminal Procedure 16.

On August 24, 2020, the Parties agreed to consider proceeding in this matter by way of a bench trial scheduled to begin on September 3, 2020.[4] On August 25, 2020, the Government filed a "Motion in Limine to Admit Excerpts of Facebook Production Authenticated by FRE 902(13) and (14)" (the "Motion in Limine").[5] The Motion in Limine sought to authenticate several pages of Defendant's Facebook account that were obtained by the Government through a search warrant.[6] At a status conference on August 26, 2020, the Court denied the Motion in Limine because of the facially invalid Certificate of Authenticity (the "Certificate") produced by the Facebook records custodian.[7] The Court also ordered supplemental briefing regarding the admissibility of the Government's proffered Facebook evidence.[8]

The Government filed the present Motion the next day.[9] In the Motion, the Government claims that "reconsideration should be granted because there is new information and, in denying the [Motion in Limine], there was manifest legal error."[10] Defendant opposed the Motion on grounds that the Government failed to identify any error of law and should not be afforded a chance to

---

[1] Dkt. 247 (Motion).
[2] Dkt. 259 (Opposition).
[3] Dkt. 279 (Minute Entry).
[4] *Id.*
[5] Dkt. 237 (Motion in Limine).
[6] *Id.* at 2; Dkt. 237-1 (Certificate).
[7] Dkts. 237-1; 251 (Minute Entry), 273 (Minute Entry).
[8] Dkt. 251.
[9] Dkt. 247.
[10] *Id.* at 1–2.

1

correct its mistake at the eleventh hour.[11] In addition, Defendant argues that the Government's late disclosure of the Facebook evidence violated Federal Rule of Criminal Procedure 16 ("Rule 16").[12]

There are now two issues before the Court: (1) Whether reconsideration of the Government's Motion in Limine is warranted; and (2) Whether the Government violated Rule 16, as alleged by Defendant.

A.   *Reconsideration*

Local Criminal Rule 47.1(g)(1) states that "[a] court will ordinarily deny a motion for reconsideration absent a showing of one of the following: [A] manifest error of the law or fact; [B] discovery of new material facts not previously available; or [C] intervening change in the law."[13] After the Court found the prior Certificate deficient, the Government filed a Revised Certificate of Authenticity (the "Revised Certificate), asserting that the Revised Certificate qualifies as "new information" weighing in favor of granting the Motion.[14]

The Government's Motion fails because the Court's finding that the original Certificate was facially deficient was not a manifest error of law or fact. The original Certificate lacked critical details, such as information about the search warrant, the manner in which records were kept, and whether the individual was qualified to certify Facebook's records of regularly conducted activity.[15] Therefore, the Certificate did not comply with Federal Rule of Evidence 902. Furthermore, by submitting a Revised Certificate, which was created after the Court's denial of the Motion in Limine, the Government was not necessarily seeking reconsideration of its Motion in Limine but rather filing a renewed motion in limine based on the newly obtained Revised Certificate. Neither circumstance merits reconsideration pursuant to Local Criminal Rule 47.1(g).

In any event, at the September 1 Hearing, the Parties stipulated to the production of the Facebook records custodian at trial via video conference. The Parties will have the opportunity to examine the records custodian regarding authenticity of the proffered Facebook evidence. Therefore, the issue of authentication and the present Motion are moot.

B.   *Government's Rule 16 Violation*

    1.   Background

The issue before the Court is whether the Government violated Rule 16 when it obtained over 13,000 pages of Defendant's Facebook account by search warrant in April 2020 but did not produce the discovery to the defense until August 25, 2020. Accordingly, it is important to examine the discovery timeline.

---

[11] Dkt. 259.
[12] *Id.* at 2–3; *see* Dkt. 245 (Opposition).
[13] D. Alaska L.Crim.R. 47.1(g)(1).
[14] Dkt. 247 at 2.
[15] *See* Dkt. 237-1.

The Government executed a search warrant for Defendant's Facebook account on March 6, 2020, and received the resultant account information on or about April 7–9, 2020.[16] The assigned AUSA then conducted a partial review of the production and made excerpts of the production, including numerous Facebook messages sent by Defendant seemingly regarding this case.[17] On April 21, 2020, the Government was alerted that the Facebook production may contain attorney-client communications.[18] The Government represented that it immediately halted its substantive review of the production in order to conduct a filter review.[19] At the September 1 Hearing, the Government indicated that the filter review was not completed until shortly before the production was sent to the defense on August 25, 2020.

Nonetheless, the Government appended excerpts of Defendant's Facebook to a sealed filing with the Court on May 14, 2020, yet did not notify defense that the excerpts were part of the larger production stemming from the March 6, 2020 search warrant.[20] The Government did not notify defense of the existence of a search warrant and resulting production until a hearing on July 2, 2020.[21] The Government at that time expressed its intention to produce the Facebook records in its possession in advance of trial.[22] On August 24, 2020, the Government again used excerpts of the Facebook production—still not fully produced to the defense—as evidence in a Detention Hearing and, on August 25, 2020, the Government filed the Motion in Limine asking the Court to authenticate various excerpts for use at trial.[23]

    2.    <u>Standard of Law</u>

Rule 16 governs discovery and inspection in criminal cases. Rule 16(a)(1)(B) provides that "[u]pon a defendant's request, the government must disclose to the defendant and make available for inspection, copying, or photographing" certain statements made by the defendant within the Government's possession or known by the Government to exist. Furthermore, Rule 16(c) imposes a continuing duty to disclose. "A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production."[24]

Rule 16 is designed to ensure—at least in part—that the defense has a full and fair opportunity to evaluate the same evidence as the government, and to make sure the government does not gain an

---

[16] Dkt. 265 at 8 (Memorandum).
[17] *See* Dkt. 269-5 (Letter re: Filter Review).
[18] *See* Dkt. 266-1 (Letter re: Potential Privilege Issues).
[19] *Id.*
[20] Dkt. 179 (Motion).
[21] Dkt. 265 at 9.
[22] *Id.*
[23] Dkts. 226 (Exhibits), 237.
[24] Fed. R. Crim. P. 16(c).

3

Case 3:19-cr-00093-TMB-MMS   Document 284   Filed 09/02/20   Page 3 of 6

unfair advantage by withholding evidence that may be material to preparing the defense.[25] It "behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case."[26] Rule 16 does not provide hard deadlines, however, a party's obligation to disclose evidence to the opposing side is triggered when evidence comes into that party's possession.[27]

In the event of a Rule 16 violation, Rule 16(d)(2) empowers the Court to remedy the violation by granting a continuance, prohibiting the violating party from introducing the evidence at issue, or "any other order that is just under the circumstances."[28] The Ninth Circuit has recognized that trial courts have "broad allowance to prescribe any sanction that is 'just.'"[29] The sanction cannot be harsher than necessary to accomplish the goals of Rule 16 or disproportionate to the conduct of counsel.[30] Courts generally disfavor the exclusion of evidence as a remedy for Rule 16 violations.[31] The Parties here urge the Court to consider (1) the reasons for the Government's delay in producing the requested materials; (2) the extent of prejudice to the Defendant; and (3) the feasibility of curing the prejudice with a continuance.[32]

---

[25] *See, e.g., United States v. Marshall*, 132 F.3d 63, 68 (D.C. Cir. 1998) (knowing the "true strength of the government's evidence" is important for defendants' ability to make informed decisions on pre-trial plea decisions).

[26] *United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013).

[27] *United States v. Avalos-Gonzales*, 156 F.3d 1239 (9th Cir. 1998) (holding the Government had "substantially complied with Rule 16 because it promptly disclosed the substance of newly discovered statements" where five days before trial, the AUSA learned of Defendant's statements and informed defense counsel the next day); *United States v. Lindsay*, 931 F.3d 852, 867 (9th Cir. 2019) (affirming exclusion of evidence where defense counsel discovered Facebook messages mid-trial, but did not inform the Government of his intention to introduce the messages into evidence before beginning direct examination concerning the messages); *United States v. Houk*, No. 1:18-po-00307-SAB, 2019 WL 4835333, at *2 (E.D. Cal. Oct. 1, 2019) ("Rule 16 triggers the obligation to disclose evidence that is in the actual possession, custody or control of the government.") (internal citations omitted).

[28] Fed. R. Crim. P. 16(d)(2).

[29] *Ordonez v. United States*, 680 F.3d 1135, 1140 (9th Cir. 2012); *see* Fed. R. Crim. P. 16(d)(2).

[30] *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983); *United States v. Aceves-Rosales*, 832 F.2d 1155, 1157 (9th Cir. 1987).

[31] *See United States v. Finley*, 301 F.3d 1000, 1018 (9th Cir. 2002) (holding that exclusion of defendant's evidence is proper only where omission is "willful and motivated by a desire to obtain a tactical advantage."); *Marshall*, 132 F.3d at 70 (stating that "[o]rdinarily, a continuance is the preferred sanction for a discovery delay because it gives the defense time to alleviate any prejudice it may have suffered from late disclosure.").

[32] Dkts. 265 at 10, 266 at 4. The Government cites *Finley* as controlling authority in this case. However, *Finley* involved a *defendant's* right to present evidence, not the government's. The Ninth Circuit has stated that *Finley* has "no bearing" where the government's proffered evidence is at issue. *See United States v. W.R. Grace*, 526 F.3d 499, 514–15 (9th Cir. 2008); *United States v. Garcia*, 730 F.Supp.2d 1159, 1166 (C.D. Cal. 2010) (interpreting *W.R. Grace* and finding that while "there are limits on exclusion as a remedy, [the Ninth Circuit] does not provide any guidance regarding the nature of those limits nor the standard a court should apply in determining whether

C.   Analysis

Defendant asserts that the Government willfully violated Rule 16 because the Government did not timely disclose the contents of the Facebook production, which the Government had in its possession since April 7–9, 2020, but did not produce to the defense until August 25, 2020.[33] The Defendant asks for exclusion of the Facebook evidence as a remedy for the violation.[34] The Government contends that its production was timely because it produced the Facebook documents to the defense "less than three days from when a trial on September 3 became a mere possibility."[35] The Government takes the position in its pleadings that a disclosure is reasonable as long as it occurs before trial, and since the trial date in this case has been moved multiple times, the Government could not have acted unreasonably.[36] The Government further argues that even if there were a delay and Rule 16 violation, exclusion of the evidence is not proper because the delay was not willful, Defendant is not prejudiced because he was on notice that the Government had possession of the Facebook records, and a continuance would cure any prejudice.[37]

The Court finds that the Government unreasonably delayed the production of the Facebook records to Defendant, in violation of Rule 16, but the Court does not find the delay was in bad faith. First, the Government's explanations for the delay fall short. The Government states that the delay was the result of a filter review, an interest in providing a full production to defense (as opposed to piecemeal excerpts), and the lack of urgency to produce because of multiple continuances in this case.[38] In a broader context, the Government also cites challenges to normal operations in light of the COVID-19 pandemic. However, Rule 16's affirmative and continuing duty to disclose requirement does not allow the Government to withhold relevant excerpts of the Defendant's statements on Facebook due to administrative inefficiency.[39] Second, the assigned AUSA's practice of timing discovery to a trial date is inconsistent with both the letter and spirit of Rule 16 and the Government's longstanding discovery practice in this District. Rule 16 and the relevant caselaw are clear: the Government's discovery obligations are triggered once relevant material come into their possession.[40] Third, the Government made no attempt to confer with defense regarding a metered production of the Facebook evidence or even to produce the excerpts that the assigned AUSA had already reviewed.

The Court expects that the events of this case are an isolated occurrence. The Court fully understands and appreciates the extraordinary demands facing the Government in light of the COVID-19 pandemic and the Government's representation at the September 1 Hearing that the failure to produce the Facebook records in a timely manner did not comport with the U.S.

---

to exclude evidence."). In this case, both the Government and Defendant recite variations of the *Finley* factors. Though not controlling, the Court will use the factors as guideposts in this case.
[33] Dkts. 265 at 10, 266 at 1.
[34] Dkt. 266 at 7.
[35] Dkt. 265 at 10 (emphasis omitted).
[36] *Id.* at 8–10.
[37] *Id.* at 11.
[38] *Id.* at 8–10.
[39] *See* Fed. R. Crim. P. 16(c).
[40] *See, supra* n.27.

Attorney's usual practice. It is during times like these, however, that prosecutors serve the public by ensuring, to the best of their ability, that "justice shall be done."[41]

Next, the Court finds that the Government's delay prejudiced the Defendant. Defendant was entitled to review the full production in order to prepare for trial and the Government's action—or inaction—put Defendant at a significant disadvantage a week before trial. Even though the Defendant was likely familiar with the contents of his own Facebook account, reviewing the Government's production and preparing for trial within a week's time would surely be an uphill battle.[42]

Because the Government's delay was unreasonable and prejudiced the Defendant, the Court **FINDS** that the Government violated Rule 16. As such, Court finds that a continuance of the trial is the most appropriate remedy.[43] At the September 1 Hearing, defense counsel indicated that a one-month continuance would be a sufficient amount of time to prepare for trial in light of the volume of Facebook discovery. The Court offered the Defendant a continuance, however, the Defendant through counsel declined upon reconsideration. A bench trial is set to begin on September 3, 2020.

For the foregoing reasons, the Motion at Dkt. 247 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: September 2, 2020.

---

[41] *Berger v. United States,* 295 U.S. 78, 88 (1935) ("The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done."); *see United States v. Bagley*, 473 U.S. 667, 675 n.6 (1985).
[42] *See* Dkt. 266 at 7.
[43] *See, supra* n.31.